MIKE–SELL'S POTATO CHIP
COMPANY, Petitioner

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 14–1163, 14–1175.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 24, 2015.

Jennifer R. Asbrock, Esquire, Frost Brown Todd, Louisville, KY, for Petitioner.

Linda Dreeben, John H. Ferguson, Elizabeth Ann Heaney, Esquire, Edward David Swidriski, National Labor Relations Board, Washington, DC, for Respondent.

Before: BROWN and KAVANAUGH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the National Labor Relations Board (NLRB or Board) and on the briefs of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review is denied and the cross-application for enforcement is granted.

Mike-sell's Potato Chip Company (Mike-sell's) seeks review of a Board decision finding that the company violated 29 U.S.C. § 158(a)(1) and (5) by reducing union health benefits without obtaining the union's consent or complying with a contractual reopening clause. The Board cross-petitions for enforcement of its order.

"Judicial review of NLRB unfair labor practice findings is limited." *Douglas Foods Corp. v. NLRB*, 251 F.3d 1056, 1061 (D.C.Cir.2001). This court "will uphold a decision of the Board unless it relied upon findings that are not supported by substantial evidence, failed to apply the proper legal standard, or departed from its precedent without providing a reasoned justification for doing so." *Inova Health Sys. v. NLRB*, 795 F.3d 68, 80 (D.C.Cir. 2015). "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive." 29 U.S.C. § 160(e). Credibility determinations made by the administrative law judge (ALJ) and adopted by the Board will be "accept[ed] ... unless they are patently insupportable." *NLRB v. Creative Food Design Ltd.*, 852 F.2d 1295, 1297 (D.C.Cir. 1988).

Mike-sell's raises two issues. First, the company claims that the union agreed to the reduction in health benefits during a terse meeting on December 14, 2011. Because the Board's contrary finding is supported by substantial evidence, we will not disturb it. Second, Mike-sell's challenges credibility determinations made by the ALJ and adopted by the Board. This court should be "extremely reluctant to second-guess [credibility] conclusions based on our reading ... years later ... of a cold record." *Amalgamated Clothing and Textile Workers Union v. NLRB*, 736 F.2d 1559, 1563 (D.C.Cir.1984). We conclude that the credibility determinations

**2**

were not so "patently insupportable" as to merit reversal. *Creative Food Design Ltd.*, 852 F.2d at 1297.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.